UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
RACHEL EHRLICH,                    :

               Plaintiff,       :    06 Civ. 5214 (HBP)

  -against-                        :    MEMORANDUM OPINION
                                                AND ORDER
EVETTE LUCCI, a/k/a EVETTE         :
WESTBROOK,
                                     :
               Defendant.
                                     :
-----------------------------------X

       PITMAN, United States Magistrate Judge:

       Defendant's motion to seal the file in this matter is denied.

       Plaintiff, an attorney, brought this action to collect her fees for representing defendant in a child-custody proceeding brought in the Family Court of the State of New York. Defendant, represented by plaintiff, prevailed in the Family Court proceeding. The principal reason offered by defendant in support of its motion to seal the file is that the record in this case discloses the content of the proceedings in Family Court which, as a matter of state law, would not ordinarily be open to public inspection. See N.Y. Family Ct. Act § 166 ("The records of any proceeding in the family court shall not be open to indiscriminate public inspection.").

       There are several problems with defendant's argument. First, the only party to file any arguably sensitive information

in this case is defendant.  Although there was no reason do so, defendant inexplicably attached an October 5, 2004 decision from the Family Court to her answer.  Her answer, however, does not reference the Family Court decision, and I can see no reason for her submitting the decision.  Since defendant is the only party to have filed arguably confidential material and since she did so unnecessarily, she has little standing to now seek the sealing of the file.  See Holmes v. DeVincenzo, 163 A.D.2d 594, 595, 559 N.Y.S.2d 35, 36 (2d Dep't 1990) (By "placing" protected matters into civil litigation, a party waives the protection otherwise afforded by Section 166 of the Family Court Act).

Second, "[b]oth the Supreme Court and the Second Circuit have recognized a right of access to court records." T.K. v. Waterbury Bd. of Educ., 303CV1747, 2003 WL 22909433 at *1 (D. Conn. Oct. 19, 2003), citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 579-99 (1978); Video Software Dealers Assoc. v. Orion Pictures, Corp., 21 F.3d 24, 26 (2d Cir. 1994).  See also Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981) (recognizing "customary and constitutionally-embedded presumption of openness in judicial proceedings"); Guerilla Girls, Inc. v. Kaz, 224 F.R.D. 571, 576 (S.D.N.Y. 2004) (same); Free Speech v. Reno, 98 Civ. 2680 (MBM), 1999 WL 47310 at *2 (S.D.N.Y. Feb. 1, 1999)(same).  I have reviewed the Family Court decision filed by defendant and find that there is nothing contained therein that is so sensi-

2

tive, embarrassing or inflammatory as to overcome the public's interest in the openness of judicial proceedings. Although there is some mildly embarrassing material in the Family Court decision, that material relates to the father of the child who was the subject of the Family Court proceeding and not to the child or defendant. Thus, there is nothing in the file that is damaging to any of the parties to this action or to any minor child.

Accordingly, defendant's application to seal the file in this matter is denied in all respects.

Dated:  New York, New York
        November 28, 2006

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Charles J. Gayner, Esq.
Maloof, Lebowitz, Connahan & Oleske
Suite 1700
299 Broadway
New York, New York  10007

Manuel Moses, Esq.
Suite 303
236 West 26th Street
New York, New York  10001

3